SUAREZ, J.
Appellant Jacqueline Dutra (“Dutra”) appeals a summary final judgment entered in favor of Appellee Dr. Chance Kaplan (“Kaplan”) based upon the trial court’s finding that the statute of limitations on Dutra’s claim, filed in 2009, had expired. We reverse. The limitations period for Dutra’s breach of contract claim began to run in 2009, and not in 2004, as argued by Kaplan. Therefore, Dutra timely brought her claim.
In 2002, the parties entered into a written agreement regarding their mutual purchase of a house. The agreement contained a provision regarding the disposition of the house in the event the parties no longer desired to reside there together. In pertinent part that provision states:
... in that event, the interest of Ms. Dutra in the Property shall first be offered to Dr. Kaplan and if he shall elect to purchase Ms. Dutra’s interest then he shall repay to Ms. Dutra the monies invested by her in acquiring subject Property, over a period of not more than five (5) years interest free ...
In March 2004, the parties determined that they would no longer reside together in the house. Dutra moved out and, pursuant to the agreement, Kaplan elected to purchase Dutra’s interest in the house. A dispute then arose as to the amount Kap-lan was obligated to pay Dutra pursuant to the agreement. In April 2004, Kaplan advised Dutra that if she did not accept the amount he offered, he would not repay her any of the money she claimed was owed under the agreement. Kaplan continued to live in the house and, true to his word, made no payments under the agreement to Dutra before April 2009. In August 2009, Dutra filed this action for breach of contract and other relief.
Kaplan argued below, as he does here, that the statute of limitations began to run in April 2004, when he made clear to Dutra that he would not make payment under the agreement. Kaplan’s theory was that the five year statute of limitations *1192 for breach of contract, section 95.11(2)(b), Florida Statutes (2004), began to run on that date and, therefore, the time for Du-tra to file her breach of contract claim expired in April 2009. We do not agree.
Kaplan’s statement constituted an anticipatory breach of contract which gave rise to three options for Dutra. As was stated in Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A., 938 So.2d 571 (Fla. 4th DCA 2006), when an anticipatory breach occurs, the non-breaching party has the right:
[F]irst, to rescind the contract altogether; second, to elect to treat the repudiation as a breach by bringing suit or by making some change in position[1]; or, third, to await the time for performance of the contract and bring suit after that time has arrived.
Id. at 575, citing Williston on Contracts and Perry v. Shaw, 152 Fla. 765, 13 So.2d 811 (1943). See also, Franconia Assocs. v. U.S., 536 U.S. 129, 122 S.Ct. 1993, 153 L.Ed.2d 132 (2002) (“the promisor’s renunciation of a ‘contractual duty before the time fixed in the contract for performance is a repudiation.’ [] Such a repudiation ripens into a breach prior to the time for performance only if the promisee ‘elects to treat it as such.’ ”) and Degirmenci v. Sapphire-Fort Lauderdale, LLP, 693 F.Supp.2d 1325,1345 (S.D.Fla.2010), citing Franconia and Barbara G. Banks, supra.
In this case Dutra elected the third option. She gave Kaplan the full five years to make the payment due under the contract. When he failed to do so, Dutra’s claim for breach of contract accrued. See, § 95.031(1), Fla. Stat. (2004) (“A cause of action accrues when the last element constituting the action occurs.”). Plainly, Du-tra brought her action within five years of that breach. Thus, the trial court erred when it ruled that the statute of limitations had expired prior to the institution of this action.
Reversed and remanded for further proceedings.

. Kaplan argued that Dutra changed her position by ceasing to make mortgage payments on- the property and by failing to pay taxes and other costs related to the property. We reject that argument because the agreement does not obligate Dutra to make such payments after ceasing to reside in the property.